**Order filed September 19, 2019**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00033-CV
_____

**ALPHA GLYNN MESKIMEN, Appellant**

**V.**

**JENIFER LOUISE MESKIMEN, Appellee**

**On Appeal from the County Court at Law**
**Navarro County, Texas**
**Trial Court Cause No. C18-26928-CV**

## ORDER

This is an appeal from a judgment signed October 25, 2019. Appellant did not file a post-judgment motion extending appellate timetables. The notice of appeal was due November 26, 2018. *See* Tex. R. App. P. 26.1. In his notice of appeal filed on January 3, 2019, appellant contends he was not given notice of, nor did he participate in, the hearing that resulted in the judgment.

To perfect an appeal in a civil case, such as this one, an appellant must file a notice of appeal complying with Texas Rule of Appellate Procedure 25.1. The notice must always include these items: (1) identify the trial court and state the case's number and style; (2) state the date of the judgment or order appealed from; (3) state that the party desires to appeal; (4) state the court to which the appeal is

taken; and (5) state the name of each party filing the notice. Tex. R. App. P. 25.1(d). The notice of appeal complies with these requirements; however, the notice was not filed within thirty days of the date of the judgment and therefore is untimely. We do not have appellate jurisdiction over untimely perfected appeals.

However, the notice of appeal was filed within the time for perfecting a restricted appeal. Tex. R. App. P. 26.1(c) (in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed). If the present case is a restricted appeal, then we possess jurisdiction. In the interest of justice and to ensure appellant receives a merits-based review, we construe appellant's notice of appeal as a notice in a restricted appeal. *See* Tex. R. App. P. 26.1(c); Tex. R. App. P. 30. The notice of appeal, however, does not comply with requirements applicable to a notice in a restricted appeal. If the appeal is a restricted appeal—which, generally, are those appeals not timely perfected within thirty days of the judgment or order appealed from, but perfected within six months of the date of the judgment or order appealed from—the notice of appeal, in addition to stating those items set forth in rule 25.1(d)(1)-(5), must also contain those statements listed in rule 25.1(d)(7). The notice must: (1) state that the appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of; (2) state that the appellant did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal; and (3) if appellant is not represented by counsel, appellant must verify the notice of appeal. Tex. R. App. 25.1(d)(7). Appellant's notice of appeal does not meet the requirements of rule 25.1(d)(7) pertaining to restricted appeals. Accordingly, we direct appellant to file an amended notice of appeal that meets the requirements set out in Texas Rule of Appellate Procedure 25.1(d) within thirty days of today's date or this court will dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel Consists of Justices Jewell, Bourliot, and Zimmerer.